By the Court.
In what sense did the makers of the Constitution of the United States use the words “ratification” and “legislatures” in Article V, which provides for the ratification of proposed amendments to the constitution by the legislatures of three-fourths of the several states? In the use of the term “ratification,”' was a legislative act contemplated ?
In State, ex rel. Davis, v. Hildebrant, Secy. of State, et al., 94 Ohio St., 154, the meaning of the term “legislature,” as used in Section 4, Article I of the United States Constitution, was involved. That section reads: “The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.” Here was a plain grant of power by the federal constitution to each of the states to pass laws on the subject referred to, subject to the reservations stated.
In the Hildebrant case we held that, in the exercise of this explicit power given by the federal constitution to each state to make the law referred to, *387 the term “legislature” in Section 4, Article I of the United States Constitution, “comprehends the entire legislative power of the state; and, as so used, includes not only the two branches of the general assembly but the popular will as expressed in the referendum provided for in Sections 1 and 1c of Article II of the Ohio Constitution.”
We held further, in paragraph 3 of the syllabus: “Under the latter clause of Section 4, Article I of the United States Constitution, complete and plenary power over state legislation enacted thereunder rests in the federal congress, and its laws supersede all state regulations upon the same subject. Under its grant of power to ‘make or alter such regulations,' congress did, by its apportionment act of August 8, 1911, legislate upon the subject, by recognizing as lawful such congressional districts as may be created iñ the manner provided by the laws of those states employing the constitutional referendum.”
The case of State, ex rel. Davis, v. Hildebrant, supra, was affirmed by the supreme court of the United States, 241 U. S., 565. It will be observed that in that case the state in passing the redistricting law, which applied to and governed the people of the- state, was engaged in the performance of a state function. The state was given the power by Section 4, Article I, of the Constitution of the United States, to legislate on the subject, and in the performance of that state function of legislation it was proper to invoke every part of the machinery which the state had provided for the making of its laws, and the Hildebrant case con- *388 elusively determines that the referendum is an essential part of that machinery.
Now, in this case, a different article of the federal constitution is. involved. It does not involve the making of a state law to govern merely the people of a state, but it provides for the participation by the state in the making of an amendment to the national constitution, a change in the federal law to govern all of the states. The method prescribed by Article V of the federal constitution by which the state participates in the making of an amendment to the. federal fundamental law is by ratification by the “legislatures of three-fourths of the several states,” etc.
In the Hildebrcmt case the amendment to the state constitution, adopted in 1912, which provided for the referendum generally on legislation by the general assembly, was involved. But in November, 1918, the people adopted an amendment to the state constitution for the express purpose of providing for a referendum on amendments to. the federal constitution proposed by congress under Article V.
The pertinent part of that amendment (Sections 1 and 1a of Article II) is. as follows: “The people also reserve to themselves the legislative power of the referendum on the, action of the General. Assembly ratifying any proposed amendment to the Constitution of the United States.”
It will be observed, that this was adopted ’ for the. express purpose of allowing the people of the state to participate in the .legislative acts of ratification of proposed amendments to the federal constitution. By this action .the people provided for *389 the inclusion of the popular will in the legislative power of ratifying any proposed amendment to the Constitution of the United States.
The functions conferred in different parts of the federal constitution upon the legislatures of the states are manifestly dual in their nature. For example in the election of United States senators by the legislatures of the several states, as provided by the federal constitution, until the recent amendment, the legislature acted as an electing power. It was not understood to be legislative, and in states in which the governor had the veto power over legislation that power did not apply in the matter of electing senators. The legislature represented the state in a manner similar to that in which the electoral college represents it in the choice of president. On the other hand the power conferred upon the legislatures in Section 4, Article I of the Constitution of the United States, which confers power- on the legislature of each state to prescribe the “Times, Places and Manner of holding Elections for Senators and Representatives” is purely legislative; and, as already pointed out, in the exercise of that power all the legislative machinery of the state was called into action in the performance of that state legislative duty. It is true, as argued by counsel for plaintiff in error, that under Article V the state participates in an act which amends the federal constitution, and in that sense performs a federal function. But it does not follow that by the word “legislature” in that- section a corpus designatum is meant. It participates in the making of the- fundamental law *390 and its act is legislative in character. The making of the constitution is. the highest function of legislation. That being so, it follows that in the exercise of this legislative function of ratification the makers of the federal constitution contemplated that all of the agencies provided, by the state for legislation should be empowered to act in accordance with the provisions made by the state at the time the action on the ratification should be taken; and that the word “legislature” in Article V is used in that sense.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson and Donahue, JJ., concur.